IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carol Wright, | ) | C/A No. 1:10-1019-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on Plaintiff's motion for attorney's fees [Entry #20]. Plaintiff filed an application for Title II benefits on February 24, 2006, which was denied administratively through the Appeals Council. Plaintiff filed a civil action to review the final decision of the Social Security Commissioner. On November 15, 2010, this court issued an order reversing the Commissioner's decision under Sentence Four of 42 U.S.C. § 405(g) (2000) and remanding the case for further administrative proceedings. Plaintiff filed for and was granted fees, costs, and expenses pursuant Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA") totaling $4,125.00. [Entry #17, #19].

      On December 5, 2011, an Administrative Law Judge issued a fully favorable decision awarding a period of disability and disability insurance benefits based on disability commencing February 1, 2009. That decision was not reviewed by the Appeals Council and became the final decision of the Commissioner. On April 24, 2012, the Commissioner issued a Notice of Award to Plaintiff advising her that her total back due benefits covering the period from July 2009 through February 2012 were $45,396.90 and

that 25% of that amount, or $11,349.23, was being withheld as attorney's fees. [Entry #20-2 at 3]. On June 22, 2012, the Commissioner issued a notice indicating that $6,049.50, or 25% of the back due benefits for Plaintiff's son, Jesse D. Rogers, had also been withheld as attorney's fees. [Entry #20-2 at 5]. Therefore, the total amount of attorney's fees withheld from back due benefits to Plaintiff and her son Jesse is $17,398.73 ($11,349.23 + $6,049.50). Plaintiff seeks an attorney's fee award of $17,398.73 minus the previous EAJA award of $4,125 which was granted by this court in its order of February 25, 2011, for which Plaintiff is entitled to a credit pursuant to the offset provisions of EAJA, resulting in a net fee of $13,273.73. The Commissioner filed a response indicating his consent to pay the total amount claimed. [Entry #21].

Accordingly, the court grants the motion [Entry #20] and directs the Commissioner to pay Plaintiff $13,273.73 by August 10, 2012. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision.

IT IS SO ORDERED.

July 13, 2012                              Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge